**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-6502**

———————

JABBAR JOMO STRAWS, a/k/a Jabbar J. Straws,

        Petitioner – Appellant,

    v.

MR. ROBERT M. STEVENSON, III, Warden,

        Respondent - Appellee.

———————

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Bruce H. Hendricks, District Judge. (5:13-cv-03484-BHH)

———————

Submitted: August 28, 2015       Decided: September 9, 2015

———————

Before GREGORY and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Jabbar Jomo Straws, Appellant Pro Se. Donald John Zelenka, Senior Assistant Attorney General, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jabbar Jomo Straws seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2012) petition. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2012). The magistrate judge recommended that relief be denied and advised Straws that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Although Straws filed timely objections to the magistrate judge's recommendation, the district court determined that the objections were nonspecific, and thus did not conduct a de novo review of any portion of the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). To qualify as specific, a party's objections to a magistrate judge's recommendations must "reasonably . . . alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007); see also United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008) (same). Straws has waived appellate

2

review by failing to file specific objections after receiving proper notice. Accordingly, we deny a certificate of appealability and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>